IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE MCDANIEL<br>116 Sugarcane Drive<br>Boardman, Ohio 44512 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| COMPREHENSIVE BEHAVIORAL | ) | |
| HEALTH ASSOCIATES INC. | ) | **JURY DEMAND ENDORSED** |
| 321 West 5th Street | ) | **HEREIN** |
| East Liverpool, Ohio 43920 | ) | |
| | ) | |
| **Serve also:** | ) | |
| Comprehensive Behavioral Health | ) | |
| Associates Inc. | ) | |
| c/o Sasi B. Kaza | ) | |
| 300 Crosby Street | ) | |
| Akron, Ohio 44303 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Francine McDaniel, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. McDaniel is a resident of the city of Boardman, county of Mahoning, state of Ohio.

2. Comprehensive Behavioral is a domestic corporation that operated a business located at 321 West 5th Street, East Liverpool, Ohio 43920.

3. Comprehensive Behavioral was at all times hereinafter mentioned an employer within the meaning of 42nU.S.C. § 2000e *et seq.*

4. Comprehensive Behavioral was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McDaniel is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

6. All material events alleged in this Complaint occurred in Columbiana County.

7. This Court has supplemental jurisdiction over McDaniel's state law claims pursuant to 28 U.S.C. § 1367 as McDaniel's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, McDaniel filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00828 against Comprehensive Behavioral.

10. On or about October 20, 2021 the EEOC issued and mailed a Notice of Right to Sue letter regarding McDaniel's EEOC Charge of Discrimination

11. McDaniel received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Exhibit 1.

12. McDaniel has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

13. McDaniel has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

## FACTS

14. McDaniel is African American.

15. McDaniel is a former employee of Comprehensive Behavioral

16. McDaniel began working for Comprehensive Behavioral on or around August 11, 2020.

17. Comprehensive Behavioral employed McDaniel as a Nurse Practitioner.

18. McDaniel had a strong history of performance with Comprehensive Behavioral.

19. McDaniel consistently received pay raises.

20. During her employment, McDaniel was the only African American nurse practitioner at Comprehensive Behavioral.

21. During her employment, McDaniel was one of only two African American employees at Comprehensive Behavioral.

22. Throughout her employment, McDaniel was subject to racism from the patients that she saw.

23. Patients would make comments that they did not want to see the black bitch ("Black Bitch Comments").

24. Patients would refer to McDaniel as the black one ("Black One Comments").

25. Patients would call McDaniel the nigger ("Nigger Comments").

26. Patients would also threaten "if that nigger is still there, I'm going somewhere else" ("Nigger Flight Threats").

27. McDaniel made multiple complaints about the Black Bitch Comments, the Black One Comments, the Nigger Comments, and the Nigger Flight Threats to Kassandra Kornbau, Leslie Tranovich, and Valarie Prevosnak.

28. Kornbau was McDaniel's immediate supervisor.

29. Comprehensive Behavioral employed Kornbau as the Medical Director.

30. During all material events asserted herein, Kornbau has and/or had authority to hire, fire, and/or discipline employees.

31. Kornbau did not participate in the decision to hire McDaniel.

32. Kornbau is not African American.

33. Tranovich was McDaniel's Human Resources Director.

34. During all material events asserted herein, Tranovich has and/or had authority to hire, fire, and/or discipline employees.

35. Tranovich did not participate in the decision to hire McDaniel.

36. Tranovich is not African American.

37. Prevosnak was McDaniel's Compliance Director.

38. During all material events asserted herein, Prevosnak has and/or had authority to hire, fire, and/or discipline employees.

39. Prevosnak did not participate in the decision to hire McDaniel.

40. Prevosnak is not African American.

41. Upon information and belief, Defendant has a policy requiring investigations following receipt of a complaint of discrimination.

42. An investigation should include interviewing the complainant.

43. An investigation should include interviewing the subject of the complaint.

44. An investigation should include interviewing the subject of the reported incident.

45. An investigation should include interviewing witnesses to the reported incident.

46. An investigation should include getting a written statement from the complainant.

47. An investigation should include getting a written statement from the subject of the complaint.

48. An investigation should include getting a written statement from the subject of the reported incident.

49. In response to McDaniel's complaint of discrimination, Defendant did not interview any potential witnesses to the racist comments.

4

50. In response to McDaniel's complaint of discrimination, Defendant did not get a written statement from McDaniel.

51. In response to McDaniel's complaint of discrimination, Defendant did not get a written statement from any potential witnesses to the racist comments.

52. In response to McDaniel's complaint of discrimination, Defendant did not take corrective action to prevent the discrimination against McDaniel.

53. Defendant ratified its patients' discriminatory conduct in failing to conduct an investigation into McDaniel's discrimination complaint.

54. Defendant ratified its patients' discriminatory conduct in failing to take corrective action to prevent the discrimination against McDaniel following McDaniel's discrimination complaint.

55. Subsequent to her discrimination complaints, Tranovich and Trisha Howe scheduled a meeting with McDaniel ("Termination Meeting").

56. The Termination Meeting occurred on or around November 11, 2020.

57. Howe is not African American.

58. During the Termination Meeting, Tranovich and Howe told McDaniel that she could either resign her position or she would be terminated ("Resign or Fired Ultimatum").

59. Tranovich and Howe did not make the Resign or Fired Ultimatum to Caucasian employees.

60. Tranovich and Howe made the Resign or Fired Ultimatum because of McDaniel's race.

61. Tranovich and Howe made the Resign or Fired Ultimatum to make McDaniel quit.

62. On or around November 11, 2020, Defendant constructively discharged McDaniel's employment.

63. Defendant constructively discharged McDaniel's employment because of her race.

64. Upon information and belief, Defendant replaced McDaniel's position with a Caucasian employee.

65. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

66. Defendant has used Progressive Discipline Policy when disciplining Caucasian employees.

67. Under Progressive Discipline Policy, McDaniel had not received any meaningful discipline.

68. Under Progressive Discipline Policy, McDaniel had not received any written warnings.

69. Under Progressive Discipline Policy, McDaniel had not been suspended.

70. Defendant skipped steps under the Progressive Discipline Policy when they constructively discharged McDaniel's employment.

71. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

72. Skipping steps under the Progressive Discipline Policy is an adverse action.

73. Defendant intentionally skipped steps under the Progressive Discipline Policy when they constructively discharged McDaniel's employment.

74. Defendant willfully made the decision to skip steps under the Progressive Discipline Policy when they constructively discharged McDaniel's employment.

75. Constructively discharging McDaniel's employment was an adverse employment action.

76. Constructively discharging McDaniel's employment was an adverse action.

77. Defendant intentionally constructively discharged McDaniel's employment.

78. Defendant willfully made the decision to constructively discharge McDaniel's employment.

79. Defendant constructively discharged McDaniel's employment in violation of the Progressive Discipline Policy because of her race.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2 *et seq.*

80. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

81. Throughout her employment, McDaniel was fully competent to perform her essential job duties.

82. Defendant treated McDaniel differently than other similarly situated employees based on her race.

83. Defendant violated 42 U.S.C. § 2000e *et seq.* by discriminating against McDaniel due to her race.

84. Defendant allowed its patients to make discriminatory comments, such as the Black Bitch Comments, the Black One Comments, the Nigger Comments, and the Nigger Flight Threats, without taking corrective action to prevent the discrimination toward McDaniel.

85. During the Termination Meeting, Tranovich and Howe made the Resign or Fired Ultimatum.

86. At all times material herein, similarly situated non-African American employees were not given the Resign or Fired Ultimatum.

87. On or about November 11, 2020, Comprehensive Behavioral constructively discharged McDaniel without just cause.

88. At all times material herein, similarly situated non-African American employees were not constructively discharged without just cause.

89. Defendant constructively discharged McDaniel based on her race.

90. Subsequent to constructively discharging McDaniel's employment, Defendant replaced McDaniel with a Caucasian employee.

91. Defendants violated 42 U.S.C. § 2000e *et seq.* when they terminated McDaniel based on her race.

7

92. McDaniel suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq.*

93. As a direct and proximate result of Defendant's conduct, McDaniel has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

94. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Throughout her employment, McDaniel was fully competent to perform her essential job duties.

96. Defendant treated McDaniel differently than other similarly situated employees based on her race.

97. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against McDaniel due to her race.

98. Defendant allowed its patients to make discriminatory comments, such as the Black Bitch Comments, the Black One Comments, the Nigger Comments, and the Nigger Flight Threats, without taking corrective action to prevent the discrimination toward McDaniel.

99. During the Termination Meeting, Tranovich and Howe made the Resign or Fired Ultimatum.

100. At all times material herein, similarly situated non-African American employees were not given the Resign or Fired Ultimatum.

101. On or about November 11, 2020, Comprehensive Behavioral constructively discharged McDaniel without just cause.

102. At all times material herein, similarly situated non-African American employees were not constructively discharged without just cause.

103. Defendant constructively discharged McDaniel based on her race.

104. Subsequent to constructively discharging McDaniel's employment, Defendant replaced McDaniel with a Caucasian employee.

105. Defendants violated R.C. § 4112.01 *et seq.* when they terminated McDaniel based on her race.

106. McDaniel suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

107. As a direct and proximate result of Defendant's conduct, McDaniel has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

108. McDaniel restates each and every prior paragraph of this complaint, as if it were fully restated herein.

109. As a result of the discriminatory conduct described above, McDaniel complained about the race discrimination she was experiencing.

110. Subsequent to McDaniel reporting race discrimination, Defendant gave the Resign or Fired Ultimatum.

111. Subsequent to McDaniel reporting race discrimination, Defendant constructively discharged McDaniel's employment.

112. Defendant's actions were retaliatory in nature based on McDaniel's opposition to the unlawful discriminatory conduct.

113. McDaniel suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

114. As a direct and proximate result of Defendant's retaliatory discrimination against and constructive discharge of McDaniel, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV:  UNLAWFUL RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

115. McDaniel restates each and every prior paragraph of this complaint, as if it were fully restated herein.

116. As a result of the discriminatory conduct described above, McDaniel complained about the race discrimination she was experiencing.

117. Subsequent to McDaniel reporting race discrimination, Defendant gave the Resign or Fired Ultimatum.

118. Subsequent to McDaniel reporting race discrimination, Defendant constructively discharged McDaniel's employment.

119. Defendant's actions were retaliatory in nature based on McDaniel's opposition to the unlawful discriminatory conduct.

120. Pursuant to R.C. § 4112.01 *et seq.*, it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

121. McDaniel suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

122. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of McDaniel, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, McDaniel demands from Defendant the following:

10

(a) Issue an order requiring Defendant to restore McDaniel to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate McDaniel for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for McDaniel claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Taurean J. Shattuck*

Fred M. Bean (00)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  fred.bean@spitzlawfirm.com
           taurean.shattuck@spitzlawfirm.com

*Attorneys For Plaintiff*

11

## JURY DEMAND

Plaintiff Francine McDaniel demands a trial by jury by the maximum number of jurors permitted.

/s/ *Taurean J. Shattuck*

Fred M. Bean (00)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**